UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL JAMES LATHROP,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>Defendant. | 4:18-CV-04025-VLD<br><br><br>ORDER ON MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br>(DOCKET NO. 32) |

Pending is Attorney Pfeiffer's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Docket Nos. 32 and 36). The government has not objected to the motion, but it has filed a response. See Docket No. 35.

**DISCUSSION**

**A. Overview**

Mr. Lathrop's petition for Social Security benefits was denied initially and at the reconsideration level. After the Appeals Council denied his petition for rehearing, he filed a complaint in federal court. Docket 1. This court remanded Mr. Lathrop's claim for benefits to the Social Security Administration ("SSA") for further proceedings. Docket Nos. 20 & 21.

Different attorneys represented Mr. Lathrop during the different phases of his quest to obtain Social Security disability benefits. The first attorney (Attorney Blackburn) represented Mr. Lathrop twice at the administrative level; in the first round, where the claim was unsuccessful, and then on remand where the claim was successful. The second attorney (Attorney Pfeiffer) represented Mr. Lathrop strictly for purposes of handling the appeal to federal

court from the first, unsuccessful administrative proceedings. That appeal was successful, and resulted in this court's order for remand to the Social Security Administration for reconsideration. Docket 20 & 21. There, Attorney Blackburn again represented Mr. Lathrop and prevailed. Docket 34.

Each of Mr. Lathrop's attorneys have their own, separate fee agreement with Mr. Lathrop regarding payment for their work on Mr. Lathrop's claim for Social Security disability benefits. See Docket 32-2 (Attorney Pfeiffer's fee agreement); Docket 34, p. 11 (Attorney Blackburn's fee agreement). The specific details of those agreements are discussed later in this order as necessary.

The SSA award after remand included past-due benefits in the amount of $88,211.00 plus ongoing monthly benefits. See Docket 32, p. 1, Docket 32-3, p. 1. In its award letter, the SSA informed Mr. Lathrop it was withholding 25% of his past-due benefits ($22,052.75) for payment of potential claims for his attorney's fees. See Docket 32-3, p. 2. The award letter to Mr. Lathrop refers to attorney's fees that are payable both under the Social Security Act and under the EAJA. Docket 32-3, p. 2.

**B.     Attorney Pfeiffer's First Motion for Attorney's Fees (EAJA)**

Upon his initial success at having Mr. Lathrop's case remanded to the SSA, but before learning whether Mr. Lathrop would ultimately prevail in obtaining disability benefits, Attorney Pfeiffer moved this court for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Docket 23. Attorney Pfeiffer made this motion on January 9, 2019. Id. Attorney Pfeiffer's time and expense record (Docket 23-3) supported his

request. Attorney Pfeiffer stated he had spent 42.10 hours of work on Mr. Lathrop's federal appeal. Id.

Within his EAJA motion, Attorney Pfeiffer explained that his usual hourly rate for non-contingent fee work is $275 per hour. Docket 23, p. 2. For social security disability cases, however, he represents clients for a contingent fee of 25% of past-due benefits. Id. If a contingent case is ultimately won, he expects to receive more than the usual hourly rate to compensate for the risk of non-recovery involved in taking a social security case, which has already been administratively denied, on a contingent fee basis. Id.

The maximum hourly rate allowed by the EAJA, however, is $125 per hour, increased periodically for the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). Applying the appropriate Consumer Price Index data for this region, the hourly EAJA rate for January, 2019, (when Attorney Pfeiffer submitted his EAJA claim for fees in Mr. Lathrop's case) was $193 per hour. As such, Attorney Pfeiffer submitted a claim for 42.10 hours of work at $193 per hour ($8,125.30), plus 6.5 % sales tax ($528.14) and $20.73 in expenses, for a total award of $8,674.17. The court granted this motion. See Docket 31 (Order on Motion for Attorney Fees).

**C.     Attorney Pfeiffer's Second Motion for Attorney's Fees (42 U.S.C. § 406(b))**

On February 29, 2020, after Mr. Lathrop had returned to the SSA on remand and had been awarded past-due and ongoing monthly disability benefits, Attorney Pfeiffer made the pending motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). This statute expressly provides for the payment of

3

"reasonable" attorney's fees in Social Security disability cases, not to exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. Id.

Under 42 U.S.C. § 406(b)(1), the court is to review fee arrangements to assure that the agreement between the attorney and the claimant yields a reasonable result. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Gisbrecht decision rejected the argument previously accepted by some courts of appeal (including the Eighth Circuit in Cotter v. Bowen, 879 F.2d 359 (8th Cir. 1989)) that the "a reasonable fee . . ." language within § 406(b) could be construed to allow for the lodestar approach to be used to determine the allowable fee even if the agreement provided for payment of a fee not in excess of twenty-five percent of past-due benefits. Gisbrecht, 535 U.S. at 807. In Gisbrecht, the Court explained that § 406(b) "does not displace contingent fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808-09.

In Gisbrecht the Court noted that it was "characteristic" for social security claimants to enter into contingency fee agreements with their attorneys specifying that the fee would be twenty-five percent of any past-due benefits to which the claimant becomes entitled. Id. at 803. Such contingent fee agreements are common in many different types of litigation. Id. The requirement that the contingent fee under § 406(b) must be "reasonable" and not more than twenty-five percent was built into the statute to provide court oversight and to protect the claimant against "inordinately large fees." Id. at 807.

4

The Court instructed that § 406(b) was intended to be an "independent check" upon the contingent fee agreement to assure it yields a reasonable result in particular cases. Gisbrecht, 535 U.S. at 807. Congress provided only one boundary line—agreements are unenforceable to the extent they provide for fees in excess of twenty-five percent of past-due benefits. Id. Within that one boundary, the attorney for the successful claimant must show the fee he or she seeks is reasonable. Id.

The Court explained it may be appropriate to reduce the fee "based on the character of the representation and the results the representative achieved." Id. at 808. For example, if the attorney is responsible for delay, causing the past-due benefits to accumulate, a reduction of the fee may be in order. Id. Likewise, if the benefits are large in comparison to the amount of time the counsel spent on the case, a downward adjustment may be appropriate. Id. Additionally, the court being asked to approve the fee request may ask the attorney to submit a time sheet and a statement of the lawyer's normal hourly billing rate to assist in evaluating the reasonableness of the fee yielded by the agreement. Id.

Here, Attorney Pfeiffer has explained, as he did in his first motion for attorney fees, that his usual hourly rate for non-contingent fee work is $275 per hour. Docket 32, p. 1. In social security disability cases, Attorney Pfeiffer represents clients on a contingent fee basis of twenty-five percent of past-due benefits. Id. at p. 2. When a contingent fee case is won, he expects to receive more than his regular hourly rate in order to compensate for the risk of non-

5

recovery in taking a social security case which has already been denied at the administrative level.  Id.

Attorney Pfeiffer's fee agreement with Mr. Lathrop is attached to his motion as Docket 32-2.  It provides for a twenty-five percent of past-due benefits contingent fee.  Id.  The agreement explains that the fee could amount to several hundred dollars per hour on an hourly basis.  Id.  The agreement also explains that *usually* all of the attorney fees are paid from past-due benefits, but sometimes the court orders the government to pay a portion of the attorney fees pursuant to the EAJA.  When part of the fees are paid by the EAJA, the agreement explains, it might mean less attorney fees would be paid from Mr. Lathrop's past-due benefits.  Id.  On the other hand, the agreement explains, it could work out that the attorney will receive the 25% fee in addition to part or all of the EAJA payment. Id.  But, the agreement provides, in no case will the fees that come out of Mr. Lathrop's past-due benefits exceed 25% (including the fee paid for the work that occurred on his case before the SSA). Id.  The agreement also specifies that it is in addition to the agreement Mr. Lathrop entered into with the attorney who represented him before the SSA.  Id.

The amount Attorney Pfeiffer requests in his motion ($16,052.75), based upon the hours he worked on the case (42.10), calculates out to $381 per hour. This is 1.38 times Attorney Pfeiffer's normal hourly rate of $275 per hour for non-contingent fee cases.   Attorney Pfeiffer represents to the court, as he must, that should this request be approved, he will return to Mr. Lathrop the already received, lesser EAJA fee of $8,125.30, so that he will not be "double -

dipping" and the total amount Attorney Pfeiffer will receive in attorney fees will be $16,052.75, not $16,052.75 *plus* $8,125.30. Gisbrecht, 535 US. at 796 (explaining that when the appellate attorney recovers fees under both statutory schemes, he or she must "refund" the smaller fee to the claimant). The total amount Mr. Pfeiffer will receive, therefore, will be well within the 25% statutory cap contained within 42 U.S.C. § 406(b), as 16,052/88,211 = 18%. The task for this court is to decide whether this requested amount is "reasonable" pursuant to 42 U.S.C. § 406(b).

Under Gisbrecht, the court first looks to the contingent fee agreement to determine whether it is within the 25% boundary. Gisbrecht 535 U.S. at 808. As explained above, it is. The court also examines the character of representation and the results received. Id. Here, Attorney Pfeiffer represented Mr. Lathrop for approximately a year during the pendency of the federal appeal from the administrative proceedings. See Docket 32-1. Attorney Pfeiffer was not responsible for any delay during the pendency of the federal proceedings and in fact, this court's review of the federal docket sheet reveals Attorney Pfeiffer usually submitted documents in advance of the dates specified in the court's scheduling order.

Another factor to consider is whether a windfall to the attorney would occur, such as when the amount of past-due benefits is large compared to the amount of time the attorney spent working on the case. Gisbrecht, 535 U.S. at 808. Here, the amount of past-due benefits ($88,211.00) is not insignificant, but neither is the amount of time Attorney Pfeiffer spent working on Mr. Lathrop's case (42.10 hours). Additionally, it is notable that, in compliance

with his fee agreement, Attorney Pfeiffer is not requesting the entire 25% contingent fee out of the $88,211.00 amount. This allows for the administrative attorney's fees to also be taken from the amount which has been withheld from Mr. Lathrop's past-due benefits.[1] The court finds Attorney Pfeiffer will incur no windfall.

Another factor this court may examine is a comparison between the lawyer's regular, non-contingent hourly rate and the effective hourly rate requested within the contingent fee motion. Gisbrecht, 535 U.S. at 808. As explained above, the effective fee Attorney Pfeiffer will receive should this motion be granted is $381 per hour, which is 1.38 times his usual, non-contingent fee hourly rate of $275 per hour. "It is recognized that an increase in the hourly rate is appropriate where due to the contingency there is a risk of receiving no payment at all." Warden v. Astrue, 2012 WL 930799 at *1 (W.D.MO. Mar. 19, 2012). In Warden, the court cited several courts within the district of Missouri wherein attorney fees at 2.8 times the attorney's non-contingent fee rate were approved as "reasonable" pursuant to 42 U.S.C. § 406(b). Id. (citing cases). In Warden, the claimant's attorney originally received an EAJA fee of $158 per hour, but was awarded a contingency fee hourly rate under § 406(b) of $443.32 per hour, which the court found was reasonable. Id. at *2. Attorney Pfeiffer's request of $381 per hour is comparable to the hourly fee which has been awarded in recent Social Security

---

[1] In its response (Docket 35), the Commissioner asserts the potential exists for much more than 25% of Mr. Lathrop's past-due benefits to be awarded in attorney's fees. This assertion is incorrect, but will be discussed later in this opinion.

cases by midwestern district courts. See e.g. Casas v. Astrue, 2012 WL 5399646 at *3 (D. Neb. Nov. 5, 2012) (hourly rate of $472 per hour approved); Finney v. Astrue, 2011 WL 96683 at *1 (W.D. Ark. Jan. 11, 2011) (hourly rate of $355 approved). Though not a recent case, in Goff v. Sullivan, 739 F. Supp. 494, 499, (D.S.D. 1990), the court approved an hourly rate of $200, which was twice the lawyer's non-contingent fee hourly rate. Id.

Given the circumstances presented in this case, the court finds the fee sought by Attorney Pfeiffer is reasonable for the services rendered pursuant to 42 U.S.C. § 406(b). Attorney Pfeiffer's motion for award of attorney's fees in the amount of $16,125.30 will be GRANTED. Upon receipt of said payment, Attorney Pfeiffer shall return or credit the lesser, previous EAJA fee award in the amount of $8,125.30 to Mr. Lathrop.

**D.     Attorney Blackburn's Claim For Attorney's Fees (42 U.S.C. § 406(a))**

As noted above, the Commissioner has not resisted Attorney Pfeiffer's motion for fees pursuant to 42 U.S.C. § 406(b), but the Commissioner has submitted a response. Docket 35. In his response, the Commissioner cited Attorney Blackburn's filing with this court (Docket 34) which includes his petition for attorney's fees before the SSA (Docket 34, p. 3) and his fee agreement with Mr. Lathrop (Docket 34, p. 11).

The Commissioner suggests that if Attorney Pfeiffer's motion is granted, Mr. Lathrop stands to forfeit much more than 25% of his past-due benefits to payment of attorney's fees. This is so, the Commissioner asserts, because Attorney Blackburn has submitted to the SSA a claim for entitlement to the

9

entirety of 25% of the total amount of past-due benefits ($22,052.75) which has been awarded to Mr. Lathrop. See Docket 34, p. 3.

This court has the authority to award Mr. Pfeiffer's motion for fees pursuant to 42 U.S.C. § 406(b), but Attorney Blackburn's petition pursuant to 42 U.S.C. § 406(a) is for the agency to decide. Wallace v. Barnhart, 2004 WL 883447 at *1 (N.D. Iowa, April 22, 2004) (agency has the exclusive power to award fees for work before the administrative agency under § 406(a), not the court).

The court comments on Attorney Blackburn's fee agreement solely because the Commissioner has raised it in its response, suggesting that if Attorney Pfeiffer's motion is granted, Mr. Lathrop stands to lose much more than 25% of his past-due benefits to attorney fees because Attorney Blackburn has made a claim to all of the withheld past-due benefits for himself.

This court can read the statute and Attorney Blackburn's fee agreement, however, and the Commissioner's suggestion that Attorney Blackburn may recover the entirety of the 25% past-due benefits ($22,052.75 ) from the SSA is simply incorrect.

Attorney Blackburn's claim for attorney's fees at the administrative level (as opposed to fee agreements for attorney fees at the appeal level in federal court under § 406(b)), arises under 42 U.S.C. § 406(a). First, though § 406(a)(2) allows for contingency fee agreements of 25% at the administrative level, it also caps attorney fee awards at a specific dollar amount, which is currently $6,000.00. See 42 U.S.C. § 406(a). This statute provides in relevant part:

> **§ 406 Representation of claimants before Commissioner of Social Security**
>
> **(a)  Recognition of representatives; fees for representation before Commissioner of Social Security**
>
>> **(2)(A)** In the case of a claim of entitlement to past-due benefits under this sub-chapter if—
>>> **(i)** an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner prior to the time of the Commissioner's determination regarding the claim,
>>> **(ii)** the fee specified does not exceed the lesser of –
>>>> **(I)** 25 percent of the total amount of past-due benefits (as determined before any applicable reduction under section 1320a-6(a) of this title) or
>>>> **(II)** $4,000, and
>>>
>>> **(iii)** the determination is favorable to the claimant,
>>
>> then the Commissioner of Social Security shall approve that agreement at the time of the favorable determination, and (subject to paragraph 3)) the fee specified in the agreement shall be the maximum fee.  The Commissioner of Social Security may from time to time increase the dollar amount under clause (ii)(II) . . . the Commissioner of Social Security shall publish any such increased amount in the Federal Register.

See 42 U.S.C. § 406(a).  The Commissioner has increased the maximum dollar amount cited in 42 U.S.C. § 406(a)(2)(A)(ii)(II); it is currently $6,000.  See https://www.scotusblog.com/2018/10/argument-preview-justices-consider-cap-on-attorneys-fees-for-successful-representation-of-social-security-disability-claimants/ (last checked April 8, 2020) (current cap on fee awards for § 406(a)(2) is $6,000).

Second, Attorney Blackburn's fee agreement with Mr. Lathrop is in compliance with the statute, because it plainly states Attorney Blackburn will take as his fee "25% of past-due benefits *or* Six Thousand Dollars ($6,000.00),

***whichever is less***, if the Social Security Administration approves the claim(s) and the claim results in past-due benefits." See Fee Agreement, Docket 34, p. 11 (emphasis added). Six thousand dollars is obviously less than the 25% contingent fee amount ($22,052.75). So Attorney Blackburn gets the lesser amount--$6,000.[2] This court therefore rejects the Commissioner's suggestion that Mr. Lathrop may pay more than a total of 25% of his past-due benefits in attorney fees should Attorney Pfeiffer's motion be granted.

**E.   The End Result**

The total amount withheld from Mr. Lathrop's Social Security disability award is 25% of his past-due benefits, or $22,052.75. Attorney Pfeiffer's motion requests a fee of $16,052.75 which, when granted, will require that Attorney Pfeiffer credit or refund to Mr. Lathrop the previous EAJA fee of $8,125.30. Attorney Pfeiffer will receive a total fee, therefore, of $16,052.75. Pursuant to his fee agreement, this court *anticipates* Attorney Blackburn will be awarded $6,000.00 in fees from the SSA. The end result, therefore, is as follows:

>   Total amount of benefits withheld by SSA (25% of past-due): $22,052.75
>   LESS:   Attorney Pfeiffer's fee                                                    $16,052.75
>    LESS:   Attorney Blackburn's (anticipated) fee                          $  6,000.00
>                                                                                                                 00.00

---

[2] While the Commissioner suggests the manner in which Attorney Blackburn completed the form (Docket 34, p. 3) indicates Attorney Blackburn's attempt to keep the entire $22,052.75 for his work at administrative level, this court does not interpret the form in that manner. The form is certainly not a model of clarity. But Attorney Blackburn attached his fee agreement (which complies with the statute) as instructed, and indicated that though he wished for the entire 25% of past due benefits to be awarded in fees, he did not expect to be paid for any of the work on the federal appeal, and he wished to be paid "only [the] Social Security allowance." Id.

This result takes no more than 25% of Mr. Lathrop's past-due benefits for the global payment of his attorneys' fees, and is consistent with the terms of his fee agreements with both of his attorneys.

## CONCLUSION AND ORDER

Based upon the foregoing facts, law, and analysis, it is hereby

ORDERED that Attorney Pfeiffer's motion for award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $16,052.75, [Docket No. 32] is GRANTED. Upon receipt of said fees, Attorney Pfeiffer shall refund or credit the prior EAJA fee in the amount of $8,125.30 to Mr. Lathrop. It is further

ORDERED that the clerk of court serve a copy of this order on attorney John P. Blackburn.

DATED this 8th day of April, 2020.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge